UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALLAN TRUDEAU,<br><br>　　　Plaintiff,<br><br>v.<br><br>MASONICARE AT MYSTIC, INC.,<br><br>　　　Defendant. | CIVIL ACTION<br>NO.<br><br><br><br>JUNE 14, 2021 |

## NOTICE OF REMOVAL

TO PLAINTIFF ALLAN TRUDEAU, HIS ATTORNEY OF RECORD, AND TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:

Defendant Masonicare at Mystic, Inc. ("Defendant" or "Masonicare"), by and through its attorneys, Patricia E. Reilly and Martha M. Royston of Murtha Cullina LLP, hereby gives notice of its removal of this case from the Connecticut Superior Court, Judicial District of New London (Docket No. KNL-CV21- 6051888-S) to this Court, pursuant to 28 U.S.C. § 1441 et seq.  Removal is proper, as this Court has original jurisdiction over the claim pursuant to 28 U.S.C. § 1331.  Defendant respectfully represents to the Court as follows:

1.　　This civil action was brought against Defendant Masonicare at Mystic, Inc. in the Connecticut Superior Court for the Judicial District of New London, 70 Huntington Street, New London, Connecticut, by way of a Summons and Complaint dated May 25, 2021 with a return date of July 13, 2021.  True copies of process and

pleadings served to date on Defendant are attached hereto at <u>Exhibit A</u>.  Plaintiff returned this action to the Superior Court on June 8, 2021.

2. Defendant was served with a copy of the Summons and Complaint on June 1, 2021.  Therefore, as this Notice is filed within 30 days of Defendant's receipt of process, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

3. No other pleadings, papers or orders have been served upon Defendant in this action.

## ALLEGATIONS OF THE COMPLAINT

4. Plaintiff alleges that he was hired by the defendant as a housekeeping manager on or about October 2016. (<u>See</u> Compl. at ¶ 3).

5. Plaintiff describes various incidents that he alleges occurred during his employment at Masonicare that he felt were discriminatory or harassing on the basis of his gender and perceived sexual orientation.  (<u>See</u> Compl. at ¶¶ 8 – 9).

6. Plaintiff alleges that on or about September 10, 2019, he was suspended without pay during an investigation into a complaint that he was in a romantic relationship with a fellow employee, Katelyn Handy.  Plaintiff further alleges that on September 23, 2019, he was informed that his employment was terminated due to his relationship with Katelyn Handy. (<u>See</u> Compl. ¶ 9(f - g)).

7. Plaintiff alleges that he was discriminated against and discharged from his employment because of his gender in violation of Connecticut General Statutes § 46a-60(b)(1).  (<u>See</u> Compl., ¶ 10).

8. Plaintiff further alleges that he was discriminated against by the Defendant's creation of a hostile work environment for reasons associated with his

gender in violation of Connecticut General Statutes § 46a-60(8)(C). (See Compl., Count Two ¶ 10).

9. Plaintiff further alleges that he was discriminated against by the Defendant's creation of a hostile work environment and for reasons associated with his sexual orientation in violation of Connecticut General Statutes § 46a-81c (1)). (See Compl., Count Three ¶ 10).

10. Plaintiff further alleges that he was discriminated against by the Defendant's creation of a hostile work environment and terminating Plaintiff's employment because of his gender and sexual orientation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991. (See Compl., Count Four, at ¶¶ 66).

## STANDARD FOR FEDERAL JURISDICTION

11. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

## BASIS FOR REMOVAL

12. The District Court has original jurisdiction over this dispute pursuant to 28 U.S.C. § 1331, thus rendering removal proper under 28 U.S.C. § 1441(a).

13. Plaintiff asserts a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991, and therefore his claim arises under laws of the United States.

14. Defendant has filed a copy of this Notice of Removal with the Clerk of the Connecticut Superior Court pursuant to 28 U.S.C. § 1446(d).

15. By filing this Notice of Removal, Defendant has not and does not waive any defenses that it might assert or its right to bring any application anywhere in relation to this litigation or its subject matter.

WHEREFORE, Defendant prays that this action be removed to this Court.

DEFENDANT – MASONICARE AT MYSTIC, INC.

By   /s/ Patricia E. Reilly
    Patricia E. Reilly – ct08352
    preilly@murthalaw.com
    Martha M. Royston – ct29835
    mroyston@murthalaw.com

Murtha Cullina LLP
265 Church Street, 9th Floor
New Haven, CT 06510
Telephone: 203.772.7700
Facsimile: 203.772.7723
Its Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2021, a copy of the foregoing Notice of Removal was sent via e-mail and mailed first class, postage prepaid, to:

Gary A. Cicchiello
Cicchiello & Cicchiello, LLP
582 West Main Street
Norwich, CT 06360
Email:  gac425x2@gmail.com

Lorenzo J. Cicchiello
Cicchiello & Cicchiello, LLC
582 West Main Street
Norwich, CT 06360
Email:  lorenzo.cicchiello@yahoo.com

                                            /s/ Patricia E. Reilly
                                            Patricia E. Reilly