# EXHIBIT A

# SUMMONS - CIVIL
JD-CV-1 Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA.

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov



Instructions are on page 2.

- [ ] Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
- [X] Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
- [ ] Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 70 Huntington Street, New London, 06320 | (860) 443 – 5363 | 07/13/2021 |

| | | At (City/Town) | Case type code (See list on page 2) |
|---|---|---|---|
| [X] Judicial District  G.A. | | New London | Major: T  Minor: 90 |
| [ ] Housing Session  [ ] Number: | | | |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| Cicchiello & Cicchiello, 582 West Main Street, Norwich, CT 06360 | 419515 |

| Telephone number | Signature of plaintiff (if self-represented) |
|---|---|
| (860) 886 – 9300 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.  [ ] Yes  [X] No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed):

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| First plaintiff | Name: Trudeau, Allan<br>Address: 252 Old Canterbury Tpke #92, Norwich, CT 06360 | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| First defendant | Name: Masonicare at Mystic, Inc.   AFS: MCR&P Service Corporation<br>Address: 22 Masonic Avenue, Wallingford, CT 06492   185 Asylum Street, Hartford, CT 06103 | D-01 |
| Additional defendant | Name:<br>Address: | D-02 |
| Additional defendant | Name:<br>Address: | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | [ ] Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
**The court staff is not allowed to give advice on legal matters.**

| Date | Signed (Sign and select proper box) | [X] Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| 5/27/21 | /s/ | [ ] Clerk | Gary A. Cicchiello |

If this summons is signed by a Clerk:
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
|---|---|---|---|

## Instructions

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.
4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.
5. Use this summons for the case type codes shown below.
    Do not use this summons for the following actions:
    (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters)
    (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
    (c) Applications for change of name
    (d) Probate appeals
    (e) Administrative appeals
    (f) Proceedings pertaining to arbitration
    (g) Summary Process (Eviction) actions
    (h) Entry and Detainer proceedings
    (i) Housing Code Enforcement actions

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | | |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | | | |
| | C 90 | All other | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | | | | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 20 | Other State or Municipal Agencies | | T 20 | Products Liability - Other than Vehicular |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 28 | Malpractice - Medical |
| | E 90 | All other | | T 29 | Malpractice - Legal |
| | | | | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit | | T 40 | Assault and Battery |
| | H 12 | Housing - Rent and/or Damages | | T 50 | Defamation |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 61 | Animals - Dog |
| | H 50 | Housing - Administrative Appeal | | T 69 | Animals - Other |
| | H 60 | Housing - Municipal Enforcement | | T 70 | False Arrest |
| | H 90 | Housing - All Other | | T 71 | Fire Damage |
| | | | | T 90 | All other |
| Miscellaneous | M 00 | Injunction | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 10 | Receivership | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 05 | Motor Vehicles* - Property Damage only |
| | M 20 | Mandamus | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 09 | Motor Vehicle* - All other |
| | M 40 | Arbitration | | V 10 | Boats |
| | M 50 | Declaratory Judgment | | V 20 | Airplanes |
| | M 63 | Bar Discipline | | V 30 | Railroads |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 40 | Snowmobiles |
| | | | | V 90 | All other *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 68 | Bar Discipline - Inactive Status | | | |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | | |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 84 | Foreign Protective Order | | W 90 | All other |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

| RETURN DATE: Tuesday, July 13, 2021 | : | SUPERIOR COURT |
| --- | --- | --- |
| ALLAN TRUDEAU | : | J. D. OF NEW LONDON |
| VS. | : | AT NEW LONDON |
| MASONICARE AT MYSTIC, INC. | : | MAY 25, 2021 |

## COMPLAINT

### COUNT ONE: (Violation of C.G.S. § 46a-60 (b)(1))

1. At all times mentioned herein, the **plaintiff, Allan Trudeau**, was and is a resident of the City of Norwich, County of New London, and State of Connecticut.

2. At all times mentioned herein, the **defendant, Masonicare at Mystic, Inc.**, was and is a corporation licensed to operate in the State of Connecticut and operates a senior living facility located at 45 Clara Drive in Mystic, Connecticut. At all times herein mentioned, the defendant employed at least fifteen employees.

3. On or about October 2016, the plaintiff was hired by the defendant as a housekeeping manager.

4. On or about March 2019, Peter Morris became the Executive Director of the defendant's facility.

5. On or about April 1, 2019, the plaintiff's job title changed to Facilities Manager.

6. The plaintiff performed the essential duties of his position in a satisfactory and capable manner throughout the term of employment with the defendant.

7. After March 2019, the plaintiff endured a course of discrimination and harassment by the defendant, its agents, servants, or employees, which resulted in discriminatory treatment to

plaintiff based on plaintiff's gender and perceived sexual orientation.

8. The discriminatory and harassing conduct was embarked upon by plaintiff's supervisors, co-workers, and/or colleagues, said conduct was conducted in an open, hostile manner which was fully recognized, tolerated, acknowledged, condoned, approved, ratified and, in effect, encouraged by defendant, through itself, its agents, servants and employees, in such a way as to create a hostile work environment.

9. In particular, the discriminatory and harassing conduct committed by the defendant, its agents, servants, and/or employees, consisted of the following:

a) Peter Morris inappropriately inquired into the romantic aspects of the plaintiff's relationship with a housekeeping employee, Katelyn Handy. Ms. Handy was hired in June of 2018 with full disclosure of plaintiff's friendship with Ms. Handy. to Megan Landon of Human Resources and former facilities manager, Todd Piscatelli.

b) During the summer of 2019, Peter Morris would make frequent comments about the plaintiff's sexuality, referring to plaintiff as "gay," "coming out of the closet," and sexual acts of a homosexual nature, even though the plaintiff is not homosexual.

c) In June 2019, while working with Peter Morris and Lauren Debuke, sales manager, Mr. Morris pushed the plaintiff into a wall on the second floor near the Human Resources Office. Ms. Debuke laughed at the incident.

d) Peter Morris and Lauren Debuke would routinely curse and insult the plaintiff,

2

calling plaintiff a "retard," "stupid ass," and "fucktard."

e) In August of 2019, Lauren Debuke because the new Executive Director and Peter Morris became Vice President and moved to a different location.

f) On or about September 10, 2019, Lauren Debuke called the plaintiff into her office. Lauren Debuke and Megan Landon informed the plaintiff that he was being suspended without pay during an investigation into a complain that the plaintiff was in a romantic relationship with Katelyn Handy. The plaintiff was never given any details about the complaint.

g) During a conference call on or about September 23, 2019, Megan Landon and Lauren Debuke informed the plaintiff that his employment was be terminated for his friendship with Katelyn Handy.

h) The stated reasons for plaintiff's termination were false and pretextual as the plaintiff was the only employee terminated for being friends with a female employee and the plaintiff was wrongfully terminated because of his gender.

10. The defendant discriminated against plaintiff and discharged plaintiff's employment because of plaintiff's gender in violation of Connecticut General Statutes § 46a-60(b)(1).

11. The plaintiff initiated a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC), for his state and federal complaints and has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on March 24, 2021 and the EEOC on April 22, 2021.

12. As a proximate result of defendant's unlawful discrimination, plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

13. As a further result of defendant's unlawful discrimination, plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through employment with the defendant.

14. As a further result of defendant's unlawful discrimination, plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment, and low self-esteem.

## COUNT TWO: (Violation of C.G.S. § 46a-60 (b)(8)(C))

1-9. Paragraphs one through nine of Count One are incorporated by reference and made paragraphs one through nine of this Count Two as if full set forth herein.

10. The defendant discriminated against plaintiff by creating a hostile work environment for reasons associated with plaintiff's gender in violation of General Statutes § 46a-60 (b)(8)(C).

11. The plaintiff initiated a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC), for his state and federal complaints and has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on March 24, 2021 and the EEOC on April 22, 2021.

12. As a proximate result of defendant's unlawful discrimination, plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

13. As a further result of defendant's unlawful discrimination, plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through employment with the defendant.

14. As a further result of defendant's unlawful discrimination, plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment, and low self-esteem.

## COUNT THREE: (Violation of C.G.S. § 46a-81c (1))

1-9. Paragraphs one through nine of Count One are incorporated by reference and made paragraphs one through nine of this Count Three as if full set forth herein.

10. The defendant discriminated against plaintiff by creating a hostile work environment and terminating plaintiff's employment for reasons associated with plaintiff's sexual orientation in violation of General Statutes § 46a-81c (1).

11. The plaintiff initiated a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC), for his state and federal complaints and has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on March 24, 2021 and the EEOC on April 22, 2021.

12.     As a proximate result of defendant's unlawful discrimination, plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

13.     As a further result of defendant's unlawful discrimination, plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through employment with the defendant.

14.     As a further result of defendant's unlawful discrimination, plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment, and low self-esteem.

### COUNT FOUR: (Violation of Title VII)

1-9.    Paragraphs one through nine of Count One are incorporated by reference and made paragraphs one through nine of this Count Four as if full set forth herein.

10.     The defendant discriminated against plaintiff by creating a hostile work environment and terminating plaintiff's employment because of plaintiff's gender and sexual orientation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1991.

11.     The plaintiff initiated a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC), for his state and federal complaints and has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on March 24, 2021 and the EEOC on April 22, 2021.

12.     As a proximate result of defendant's unlawful discrimination, plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

13.     As a further result of defendant's unlawful discrimination, plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through employment with the defendant.

14.     As a further result of defendant's unlawful discrimination, plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment, and low self-esteem.

**WHEREFORE**, the plaintiff claims:

1. Just, fair and reasonable damages;
2. Allowable costs;
3. Attorney's fees;
4. A trial by jury;
5. Such other further relief as the court deems appropriate.

THE PLAINTIFF, ALLAN TRUDEAU

BY   */s/ Lorenzo J. Cicchiello*
Lorenzo J. Cicchiello, Esq.
Law Offices of Cicchiello & Cicchiello, LLC
582 West Main Street
Norwich, CT 06360
860.886.9300 phone
860.886.5963 fax
Firm Juris # 419515

RETURN DATE: Tuesday, July 13, 2021 : SUPERIOR COURT

ALLAN TRUDEAU : J. D. OF NEW LONDON

VS. : AT NEW LONDON

MASONICARE AT MYSTIC, INC. : MAY 25, 2021

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand for the above-referenced matter is greater than FIFTEEN THOUSAND ($15,000.00) DOLLARS, exclusive of costs and interest.

THE PLAINTIFF, ALLAN TRUDEAU

BY_____/s/ Lorenzo J. Cicchiello_____
Lorenzo J. Cicchiello, Esq.
Law Offices of Cicchiello & Cicchiello, LLC
582 West Main Street
Norwich, CT 06360
860.886.9300 phone
860.886.5963 fax
Firm Juris # 419515